Filed 3/13/24  P. v. Ornelas CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>RAYMOND MICHAEL ORNELAS,<br><br>    Defendant and Appellant. | D082988<br><br><br>(Super. Ct. No. FSB22002673) |

APPEAL from a judgment of the Superior Court of San Bernardino County, Harold T. Wilson, Jr., Judge.  Affirmed as modified.

Rachel Varnell, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Christopher P. Beesley and Warren J. Williams, Deputy Attorneys General, for Plaintiff and Respondent.

A jury convicted Raymond Michael Ornelas of assault with a semiautomatic firearm (Pen. Code,[1] § 245, subd. (b)), three counts of possession of a firearm by a felon (§ 29800, subd. (a)(1)), first degree burglary (§ 459), kidnapping (§ 207, subd. (a)), simple assault (§ 240), criminal threats (§ 422, subd. (a)), and child endangerment (§ 273a, subd. (b)). The jury found true allegations that Ornelas personally used a firearm (§ 12022.5, subd. (a)), and that a person was present in the residence at the time of the first degree burglary (§ 667.5, subd. (c)). In a bifurcated trial, the court found true that Ornelas was released on bail at the time he committed four of the charged offenses. At sentencing the court imposed a total term of 26 years and eight months, including four two-year on-bail enhancements (§ 12022.1, subd. (b)) tied to specific counts; the court imposed two of those enhancements and stayed the other two. Ornelas appeals, contending the trial court erred in imposing more than one enhancement under section 12022.1, subdivision (b).

The People properly concede the court erred in imposing multiple enhancements under section 12022.1, subdivision (b). We modify the judgment to strike the unauthorized portion of the sentence.

BACKGROUND

Ornelas committed multiple crimes after authorities released him on bail following his arrest in other cases.[2] While out of custody on those matters Ornelas, with a firearm, broke into a former girlfriend's house, took one of their shared children without the girlfriend's consent, threatened to shoot and kill his ex-girlfriend, and also assaulted her. After a trial on these

---

[1]     Future undesignated statutory references are to the Penal Code.

[2]     We provide an abbreviated summary of the facts because they are not relevant to the issue on appeal.

offenses, a jury convicted Ornelas of them and found true various allegations. The court sentenced Ornelas to a total term of 26 years and eight months which included four count-specific section 12022.1, subdivision (b) enhancements for committing crimes while free on bail. Ornelas appeals, asserting error in imposing sentences for multiple on-bail findings. The People concede the error and do not oppose a sentence modification.

## DISCUSSION

As part of Ornelas's sentence in this matter, the court erroneously imposed four enhancements under section 12022.1, subdivision (b).

Section 12022.1, subdivision (b) enhancements relate to the nature of the offender rather than the nature of the crimes charged. Consequently, a trial court may only impose one section 12022.1, subdivision (b) enhancement. (*People v. Tassell* (1984) 36 Cal.3d 77, 90 [such enhancements "do not attach to particular counts but instead are added just once as the final step in computing the total sentence"], overruled on other grounds by *People v. Ewoldt* (1994) 7 Cal.4th 380, 398-402; *People v. Mackabee* (1989) 214 Cal.App.3d 1250, 1261-1262; *People v. Nguyen* (1988) 204 Cal.App.3d 181, 195-196.) Consequently, the court erred by imposing multiple section 12022.1, subdivision (b) enhancements and tying those to specific counts. The People properly concede that a court may only impose one 12022.1, subdivision (b) enhancement in a case and do not oppose modification of the sentence. We therefore modify the judgment to correct the error.

## DISPOSITION

The judgment is modified to strike all but one section 12022.1, subdivision (b) enhancement. The remaining enhancement applies to the entire case and not a particular count. The court is directed to prepare a corrected abstract of judgment reflecting the defendant's sentence as

modified and to forward the corrected abstract of judgment to the Department of Corrections and Rehabilitation.  The judgment is affirmed as modified.

                                                                RUBIN, J.

WE CONCUR:

IRION, Acting P. J.

KELETY, J.